Raymond NG, Plaintiff,

v.

HSBC MORTGAGE CORP.,
et al., Defendants.

No. 07–CV–5434 (RRM)(VVP).

United States District Court,
E.D. New York.

May 19, 2009.

Chunyu Jean Wang, Wang Law Office,
PLLC, Flushing, NY, for Plaintiff.

Michael Richard Mendola, HSBC Bank
USA NA, Preston L. Zarlock, Sean C.
McPhee, Phillips Lytle LLP Buffalo, NY, for
Defendants.

## *MEMORANDUM & ORDER*

MAUSKOPF, District Judge.

On January 27, 2009 Magistrate Judge
Victor Pohorelsky's imposed discovery sanc-
tions on Plaintiff's Counsel in the form of
attorney's fees for various failures to comply
with discovery rules and court orders.
[Docket no. 47]. On February 17, 2009,
Plaintiff's Counsel filed a motion seeking,
*inter alia,* reconsideration of that Order.
[Docket no. 55]. On March 6, 2009, Judge
Pohorelsky denied Plaintiff's Counsel's mo-
tion for reconsideration. [Docket no. 57].
Thereafter, on March 18, 2009, the motion
for reconsideration having been denied,
Plaintiff's Counsel sought another avenue of
appeal by filing, with this Court, Rule 72
objections to the Magistrate Judge's denial of
reconsideration. [Docket no. 59]. Those ob-
jections are hereby DISMISSED.

█ Plaintiff's Counsel has expended its
opportunity to timely appeal the sanctions
order. If Plaintiff's Counsel sought to con-
test the imposition of sanctions—a non-dis-
positive order—Rule 72 provided an appro-
priate vehicle for such relief. *See* Fed.
R.Civ.P. 72. Rather than timely file Rule 72
objections, however, Plaintiff's Counsel in-
stead opted to file, with the Magistrate
Court, a Rule 60 motion for reconsideration,
a wholly inappropriate appeal procedure in
this case. *See Koehler v. Bank of Bermuda
Ltd.,* No. M18–302, 2003 WL 466206, at *1
(S.D.N.Y. Feb. 21, 2003) (holding that Rule
72 objections are the exclusive procedural
vehicle for appealing non-dispositive orders
of the magistrate court, including the imposi-
tion of sanctions and attorney's fees, and
enjoining counsel from filing a motion for
reconsideration).

█ Notwithstanding Plaintiff Counsel's
procedurally defective Rule 60 motion, Judge
Pohorelsky was more than generous in enter-
taining that motion on the merits [see docket
no. 57]; a motion that if properly brought
under Rule 72, as required, could have been

summarily dismissed as untimely—having been made well in excess of 10 days from the imposition of sanctions. *See* Fed.R.Civ.P. 72 (requiring that objections to magistrate orders be timely made within 10 days). Thus, Counsel has already had the benefit of the Magistrate Judge's substantive reconsideration of his previous sanctions order, a benefit to which Counsel was not entitled. As such, this Court need not countenance yet another untimely request to vacate the proper imposition of sanctions. Nonetheless, having reviewed Judge Pohorelsky's opinions in this matter for error, this Court finds none. Judge Pohorelsky's decision to impose sanctions was within the appropriate exercise of his sound discretion and is adequately justified on the factual record. For purposes of Rule 72, neither the imposition of those sanctions nor the concomitant denial of reconsideration is clearly erroneous or contrary to law. Accordingly, Plaintiff Counsel's various arguments in opposition to the proper imposition of those sanctions are wholly without merit.

Based on the foregoing, Defendants' motion to Strike the Appeal [docket no. 61] is DISMISSED as moot. This Court would be remiss, however, if it did not point out that in connection with Defendants' motion to Strike, Plaintiff's Counsel directly contravened this Court's express order, which prohibited Plaintiff from filing reply papers without first seeking leave to do so. Indeed, not only did Plaintiff's Counsel violate that directive, Counsel filed 117 pages of briefing and appended materials. This repeated inability of Plaintiff's Counsel to comport itself in the manner required by the Magistrate Judge and this Court precisely demonstrates the unfortunate need for the imposition of the sanctions complained of in this case.

## CONCLUSION

Plaintiff's Rule 72 Objections to Magistrate Judge Pohorelsky's March 26, 2009 sanctions Order are DISMISSED. Defendants' Motion to Strike Plaintiff's Appeal is DISMISSED as moot.

SO ORDERED.